FILED
08 JUL 28 AM 11:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Guillermo GARCIA-Quintero,<br><br>　　　　　Defendant. | Mag. Case No. 08 MJ 2293<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found In the<br>United States |

The undersigned complainant being duly sworn states:

   On or about July 25, 2008, within the Southern District of California, defendant Guillermo GARCIA-Quintero, an alien, who previously had been excluded, deported or removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

   And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 28th DAY OF JULY 2008.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JAN M. ADLER
　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

(1)

| | |
|---|---|
| 1 | |
| 2 | UNITED STATES OF AMERICA |
| 3 | v. |
| 4 | Guillermo GARCIA-Quintero |

## STATEMENT OF FACTS

The complainant states that this complaint is based upon the investigative reports of Border Patrol Agent B. Richard, that the Defendant, Rafael YANEZ-Hernandez a citizen of Mexico, was found and arrested on July 25, 2008, near Niland, California.

On July 25, 2008, at approximately 8:30 A.M., Agent Griegson was performing his assigned Border Patrol Duties near the Calexico Port of Entry east of Calexico, California. Agent Griegson observed a large group running through the desert from the All American Canal between Imperial Irrigation District Hydro-Electric Plant Drops number 3 and 4.

Agent Griegson pursued and apprehended the group of twenty-one individuals. Agent Griegson identified himself as a Border Patrol Agent and questioned MALDONADO as to his citizenship and legal right to remain in the country. MALDONADO admitted to Agent Griegson that he is a citizen of Mexico and that he has no immigration documentation to work or reside legally in the United States. MALDONADO was transported to the Calexico, California Border Patrol Station for further processing.

(2)

I, Senior Border Patrol Agent Marco Miranda, declare under penalty of perjury, the following is true and correct:

## PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon the statements of the apprehending Border Patrol Agent, J. Bottcher, that the Defendant was found and arrested on July 25, 2008 east of the Calexico, California Port of Entry.

The Remote Video Surveillance System Operator advised BPA Bottcher of nine suspected illegal immigrants that were running north from the All American Canal. BPA Bottcher responded to the area and found foot prints going northbound. BPA Bottcher followed the foot prints and found nine individuals trying to conceal themselves. BPA Bottcher identified himself as a Border Patrol Agent. Agent Bottcher questioned the subjects as to their immigration status to be in the United States. Eight subjects claimed to be citizens of Mexico; one of the subjects was identified as Guillermo GARCIA-Quintero. The remaining subject claimed to be a citizen of El Salvador. All nine subjects admitted to not having any documents that would allow them to enter, work, or reside in the United States legally. All nine subjects were placed under arrest and transported to the Calexico Border Patrol Station.

Record checks revealed that an Immigration Judge ordered GARCIA-Quintero deported to Mexico from the United States on December 19, 1996. Record checks also revealed that GARCIA-Quintero had an extensive criminal history.

At approximately 0600 hours, GARCIA-Quintero was advised of his Miranda Rights in the Spanish language by Agent J. Moreno and witnessed by Agent M. Matzke. GARCIA-Quintero acknowledged understanding his rights and was willing to answer questions. GARCIA-Quintero stated that he did not have any legal documents that would allow him to work in or reside in the United States. GARCIA-Quintero also stated that he last entered the United Stated by rafting across a canal. GARCIA-Quintero was questioned regarding his deportation and GARCIA-Quintero said that he had previously been deported to Mexico. There is no evidence GARCIA-Quintero has sought or received permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States.

Executed on July 26, 2008 at 0930.

Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on July 26, 2008 in violation of Title 8, United States Code 1326.

Leo S. Papas
United States Magistrate Judge

July 26, 2008 1:20 pm
7/26/08 0930